IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 1:15-CR-00255-ELR |
| | * | |
| LLOYD JOYNER and | * | |
| DAVE STURGIS, JR., | * | |
| | * | |

## ORDER

This case is before the Court on two Report and Recommendations ("R&R") issued by Magistrate Judge Baverman. The Court's rulings and conclusions on these R&Rs is set forth below.

### I. Background

Defendants Lloyd Joyner ("Joyner") and Dave Sturgis, Jr. ("Sturgis") have been charged in a superseding indictment with seven Hobbs Act robberies and using, carrying, and brandishing firearms during, and in relation to, the robberies. Both Defendants seek to suppress evidence seized from them and an automobile when they were arrested (Doc. Nos. 32 (Joyner), 37 (Sturgis)); and historical cell site data that the Government collected and intends to use at trial (Doc. Nos. 43 (Joyner), 48 (Sturgis)). In addition, Joyner seeks to suppress electronic tracking device ("ETD") data (Doc. No. 35); moves for the return of seized property (Doc.

Nos. 38, 41); and seeks to replace his court-appointed counsel (Doc. Nos. 103, 104). Finally, Sturgis seeks to suppress his post-arrest statements (Doc. No. 36).

## II. Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

## III. R&R on Defendants' Motions to Suppress (Doc. No. 119)

Magistrate Judge Baverman issued an R&R recommending that all of Defendants' motions to suppress be denied, except as to the answers Sturgis gave to questions at the scene of his arrest and before he was Mirandized[1] that were not biographical. (Doc. No. 119). Both Sturgis and Joyner filed objections to the R&R. (Doc. Nos. 126, 127). In sum, both Defendants agree with the factual

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

findings contained in the R&R but disagree with the legal conclusion to be drawn from those facts.

The Court has conducted a careful and thorough *de novo* review of the R&R and the objections thereto. For the well-stated reasons in the R&R, the Court concludes that the R&R is correct and that Magistrate Judge Baverman reached the correct legal conclusions. Thus, the Court overrules Defendants' objections and will adopt the R&R as the opinion of this Court.

### IV. R&R on Joyner's Motions to Return Seized Property (Doc. No. 130)

Magistrate Judge Baverman issued an R&R recommending that Joyner's motion and amended motion to return seized property be granted, based on the condition that Joyner, or someone with legal authority on his behalf, will identify a person to the Government to whom the FBI can return the vehicle. No party has filed objections to this R&R. Accordingly, the Court has reviewed this R&R for clear error and finds that there is none.

### V. Conclusion

The Court **OVERRULES** Defendants' Objections to the R&R (Doc. Nos. 126, 127); **ADOPTS** the R&Rs (Doc. Nos. 119, 130); **DENIES** all of Defendants' Motions to Suppress (Doc. Nos. 32, 35, 36, 37, 43, 48), **EXCEPT** that the answers that Defendant Sturgis gave to questions at the scene of his arrest and before he was <u>Mirandized</u> that were not biographical are **SUPPRESSED**; and **GRANTS**

Defendant Joyner's Motion and Amended Motion to Return Seized Property (Doc. Nos. 38, 41), **CONDITIONED** upon Defendant Joyner, or someone with legal authority on his behalf, identifying a person to the Government to whom the FBI can return the vehicle. Notice setting trial has been issued. (Doc. No. 138).

**SO ORDERED**, this 7th day of July, 2016.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia